**STATE EX REL. Michael CALDWELL, Relator,**

v.

**Honorable Steven R. OHMER, Respondent.**

**No. ED 105705**

Missouri Court of Appeals, Eastern District, WRIT DIVISION TWO.

FILED: October 31, 2017

Rachel K. Dowd, 1114 Market St., Suite 602, St. Louis, MO 63101, for relator.

Annette Llewellyn, Alexander W. Polta, 1114 Market St., Ste. 401, St. Louis, MO 63101, for respondent.

LAWRENCE E. MOONEY, PRESIDING JUDGE

The relator, Michael Caldwell, seeks a writ of mandamus ordering the respondent, Judge Steven R. Ohmer, to reinstate his probation and send him to a 120-day program, rather than revoking his probation and ordering execution of his previously imposed and suspended sentence. Because Mr. Caldwell has a clear, unequivocal, specific right to a program, and because the circuit court has the unconditional duty to order Mr. Caldwell's placement in such a program, we issue a permanent writ of mandamus.

### Factual Background

Mr. Caldwell pleaded guilty in June of 2014 to possessing a controlled substance, in violation of Section 195.202 RSMo. The circuit court sentenced Mr. Caldwell, as a prior and persistent offender and a prior drug offender, to ten years' imprisonment in the Missouri Department of Corrections. The circuit court suspended execution of the sentence and placed Mr. Caldwell on probation for two years. Nearly two years later, in April of 2016, on the probation board's recommendation, the circuit court extended Mr. Caldwell's probation for three additional years, to June 11, 2019.

In January of 2017, the circuit court suspended Mr. Caldwell's probation for violating the conditions of his probation regarding drugs and supervision strategy. Mr. Caldwell waived an evidentiary hearing and admitted that he had violated the conditions of his probation. Although Mr. Caldwell waived an evidentiary hearing on revocation of his probation, he specifically and consistently requested placement in a 120-day program, rather than having his probation revoked and the prison sentence executed. The circuit court, however, revoked Mr. Caldwell's probation and ordered the execution of the previously-imposed sentence of ten years' imprisonment.

Mr. Caldwell now seeks a writ of mandamus. He contends that under Section 559.036.4, which governs the duration of probation, he has the right to be continued on probation and participate in a 120-day program, and correspondingly, that the circuit court had a duty to order him into that program instead of revoking his probation and executing the previously-imposed sentence. The Assistant Circuit Attorney, on behalf of Judge Ohmer, and in response to Mr. Caldwell's writ petition, states that Mr. Caldwell "appears eligible for a 120-day program under Section 559.036." Judge Ohmer requests that we remand the cause to the circuit court for further proceedings. We dispense with further briefing and oral arguments as permitted by Rule 84.24(i).

### Discussion

This Court has the authority to "issue and determine original remedial writs," including the extraordinary writ of mandamus. Mo. Const. art. V, sec. 4.1; *State ex rel. Hewitt v. Kerr*, 461 S.W.3d

798, 805 (Mo. banc 2015). "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to the thing claimed" "as well as a corresponding present, imperative, and unconditional duty on the part of the respondent to perform the action sought." *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 725 (Mo. banc 2007); *Beauchamp v. Monarch Fire Protection District*, 471 S.W.3d 805, 810 (Mo. App. E.D. 2015).

Mr. Caldwell contends that Section 559.036.4 requires his placement in a 120-day program.[1] Section 559.036.4 authorizes placement in a 120-day program if certain conditions are met. The Circuit Attorney's office, on behalf of Judge Ohmer, agrees that Mr. Caldwell meets all the conditions for placement in a 120-day program. With those conditions satisfied, Section 559.036.4 clearly and unambiguously requires that the court order placement of Mr. Caldwell in one of the Department of Corrections' 120-day programs.

Mr. Caldwell has shown an unequivocal right to placement in a program, The circuit court has the corresponding unconditional duty to order Mr. Caldwell's placement in such a program, We thus grant Mr. Caldwell's request, and issue our writ of mandamus. The respondent is directed to follow the dictates of Section 559.036.4

---

1. Section 559.036.4 provides:

(1) Unless the defendant consents to the revocation of probation, if a continuation, modification, enlargement or extension is not appropriate under this section, the court shall order placement of the offender in one of the department of corrections' one hundred twenty-day programs so long as:
(a) The underlying offense for the probation is a class D or E felony or an offense listed in chapter 579 or an offense previously listed in chapter 195; except that, the court may, upon its own motion or a motion of the prosecuting or circuit attorney, make a finding that an offender is not eligible if the underlying offense is involuntary manslaughter in the second degree, stalking in the first degree, assault in the second degree, sexual assault, rape in the second degree, domestic assault in the second degree, assault in the third degree when the victim is a special victim, statutory rape in the second degree, statutory sodomy in the second degree, deviate sexual assault, sodomy in the second degree, sexual misconduct involving a child, incest, endangering the welfare of a child in the first degree under subdivision (1) or (2) of subsection 1 of section 568.045, abuse of a child, invasion of privacy, any case in which the defendant is found guilty of a felony offense under chapter 571, or an offense of aggravated stalking or assault of a law enforcement officer in the second degree as such offenses existed prior to January 1, 2017;
(b) The probation violation is not the result of the defendant being an absconder or being found guilty of, pleading guilty to, or being arrested on suspicion of any felony, misdemeanor, or infraction. For purposes of this subsection, "absconder" shall mean an offender under supervision who has left such offender's place of residency without the permission of the offender's supervising officer for the purpose of avoiding supervision;
(c) The defendant has not violated any conditions of probation involving the possession or use of weapons, or a stay-away condition prohibiting the defendant from contacting a certain individual; and
(d) The defendant has not already been placed in one of the programs by the court for the same underlying offense or during the same probation term.
(2) Upon receiving the order, the department of corrections shall conduct an assessment of the offender and place such offender in the appropriate one hundred twenty-day program under subsection 3 of section 559.115.
(3) Notwithstanding any of the provisions of subsection 3 of section 559.115 to the contrary, once the defendant has successfully completed the program under this subsection, the court shall release the defendant to continue to serve the term of probation, which shall not be modified, enlarged, or extended based on the same incident of violation. Time served in the program shall be credited as time served on any sentence imposed for the underlying offense.

and order placement of Mr. Caldwell in one of the Department of Corrections' 120-day programs.

JAMES M. DOWD, C.J. and GARY M. GAERTNER, JR., J., concur.